Page 1

UNITED STATES DISTRICT COURT
District of Connecticut

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | CASE NO. *3:03cr77 (SRU)* |
| | USM NO: *15078-014* |
| CHERYL ANN WAMBOLT | |
| | *Michael E. Runowicz* |
| | Assistant United States Attorney |
| | |
| | *Richard P. Silverstein, Esq.* |
| | Defendant's Attorney |

**THE DEFENDANT:** plead guilty to Count <u>One of an Indictment</u>

Accordingly the defendant is adjudicated guilty of the following offense:

| **Title & Section** | **Nature of Offense** | **Offense Concluded** | **Count** |
|---|---|---|---|
| 18:1344 & 2 | Bank Fraud | March 20, 2003 | One |

The following sentence is imposed pursuant to the Sentencing Act of 1984.

**IMPRISONMENT**

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total of TIME SERVED. The sentence is a non-guideline sentence, which is sufficient to promote the purposes of sentencing. The sentence reflects the facts that the defendant received no financial benefit from the crime, that her criminal history category overstates the risk of recidivism, and that the defendant has become successfully employed in a position that provided stability to her life.

**SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be on supervised release for a total term of 3 Years. The Mandatory and Standard Conditions of Supervised Release as attached, are imposed. In addition, the following Special Conditions are imposed:

1. The defendant shall reside for a period of six months, to commence immediately upon the availability of a position, in a community confinement center and shall observe the rules of that facility.

2. The defendant shall be placed on home confinement with electronic monitoring for a period of six months immediately following release from the community confinement center. The defendant shall make all provisions for the appropriate installation of the electronic monitoring equipment. Further, the defendant shall comply with all conditions of electronic monitoring as required by the Probation Office.

3. The defendant shall participate in a program approved by the Probation Office for mental health treatment and testing. The defendant shall pay all, or a portion of the costs associated with treatment, based on the defendant's ability to pay as determined by the probation officer.

4. Beginning with release from the half-way house, the defendant shall make monthly installments of $125 towards the fine until paid.

5. The defendant shall not incur new credit card charges or open additional loans of credit without the permission of the probation officer.

6. The defendant shall provide the probation officer with access to requested financial information and pay all required taxes.

7. The defendant shall have no contact with the co-defendant.

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments as follows:.

**Special Assessment:**   $ 100    for Count One due immediately
**Fine:**                  $4,000   for Count One with Interest Waived

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment, are paid.

Counts 2-10 are dismissed on motion of the United States.

June 9, 2005
Date of Imposition of Sentence

Stefan R. Underhill
United States District Judge
Date: June 30, 2005

**RETURN**

I have executed this judgment as follows:   Defendant completed sentence of TIME SERVED as of 06/09/05.

Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

John F. Bardelli
United States Marshal

By _____
Deputy Marshal

**CERTIFIED AS A TRUE COPY
ON THIS DATE** 7-1-05
**Kevin F. Rowe, Clerk**
**BY:** _____
**Deputy Clerk**